

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLAXWILSON~~
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-2883
Re: Authority of county to render fi-
nancial assistance to National
Guard if such guard unit is called
into the United States Army.

Your letter of November 1, 1940, requesting our
opinion on the question therein presented reads:

"On August 26th, 1940, at a meeting of the
Commissioners' Court called for the purpose of
holding a hearing on the 1941 Budget, there came
to the Court a communication from John O. Clinton,
Captain, 143rd Infantry, Commanding Company H,
Texas National Guard, together with the report
of the County Attorney quoting the law (Article
5885 R.C.S.) which became effective May 1st, 1939,
relative to an appropriation to the National Guard
to pay the necessary expenses of the administra-
tive unit, and on motion duly seconded and carried,
the County Commissioners' Court authorized the sum
of $50.00 per month effective January 1st, 1941,
to be appropriated and included in the 1941 Bud-
get. This amount, of course, to be paid out of
the General Fund of the County.

"On October 22nd, 1940, a communication was
received from John O. Clinton of the 143rd Infan-
try, requesting the Court to issue the necessary
instructions whereby the contribution of $50.00
per month referred to above, shall be mailed to
the First National Bank of Galveston to be deposit-
ed to the credit of Company H, Texas National Guard,
and on motion that was duly seconded and carried,
the Court referred the matter to the County Audi-
tor with power to act.

"Since this Company, as I understand, will
leave Galveston for service on December 4th, 1940,

and that they will be away from here for about a
year, I respectfully ask your opinion as to my
authority to sign a warrant and deliver same to
the First National Bank of Galveston as requested,
and does this request violate Article 5885 in view
of the fact that  they will not be here during the
period stated."

Article 5885 of the Revised Civil Statutes of Texas,
1925, reads:

"Each commissioners court and the council
of any city or town in this State are hereby
authorized and empowered, in their discretion,
to appropriate a sufficient sum, not otherwise
appropriated, to pay the necessary expenses of
the troops, batteries, companies, signal corps,
hospital corps and bands of the active militia
of this State located in their respective coun-
ties, cities or towns, not to exceed the sum of
one hundred dollars per month for such expenses
of any one organization." (Underscoring ours)

The word "located" is defined by Webster's International-
al Dictionary:

"To establish in a certain place" or "to
settle in a certain place."

"Locate" is defined:

"To designate the cite or place of."

We believe the Legislature in passing Article 5885,
supra, contemplated providing means by which the governing
authorities of counties and cities could render financial aid
to their local National Guard units established and maintained
within their particular localities. We do not believe the
power to appropriate governmental funds prevails when the unit
for which such appropriation is made is called into the United
States Army.

If, therefore, the unit for which the item of $50.00
per month is included  in your 1941 Budget has been removed from
your county by January 1, 1941, you should not issue your warrant
for such item.  If such unit is thereafter released from the
United States Army during the year 1941 and returns to your
county, you would be authorized to resume payment for the remain-
ing months of the year.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Lloyd Armstrong
        Lloyd Armstrong
        Assistant

LA:AW:wc

APPROVED NOV 16, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/R.W.F. Chairman